**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DEBORAH SANTACAPITA, | : | CIVIL CASE NO. |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| BOARD OF EDUCATION OF THE | : | |
| CITY OF BRIDGEPORT, | : | |
| Defendant. | : | September 24, 2010 |

## COMPLAINT

### I.    PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive, and equitable relief, monetary and liquidated damages, and costs and attorney fees for the injuries suffered by the plaintiff when the defendant, Board of Education of the City of Bridgeport, discriminated against the plaintiff on account of her race and color.

2. This action seeks declaratory, injunctive, and equitable relief, monetary and liquidated damages, and costs and attorney fees for the injuries suffered by the plaintiff when the defendant, Board of Education of the City of Bridgeport, unlawfully retaliated against her because she had complained about the race and color discrimination to which she had been subjected by the defendant.

## II.  **JURISDICTION**

3.  This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., and the Civil Rights Act of 1991, 42 U.S.C. §1981a.

4.  Moreover, the plaintiff brings this action claiming a violation of the Connecticut Fair Employment Practices Act.

5.  Jurisdiction is invoked pursuant to Title 28 U.S.C. §1343(a)(3), Title 28 U.S.C. §1343(a)(4), and Title 42 U.S.C. §2000e-5(f).

6.  Jurisdiction over the plaintiff's state law claim is invoked pursuant to the Court's supplemental jurisdiction.

7.  All conditions precedent to jurisdiction under Section 706 of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e-5(f)(3), have occurred or have been complied with in the following manner:

   a.  A charge of employment discrimination on the basis of race and color was filed on or about March 12, 2009, with both the State of Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission, which filings were within 180 days of the commission of the unlawful employment practices alleged herein;

b. An amended charge of employment discrimination on the basis of the plaintiff's previous opposition to the defendant's discriminatory conduct was filed on or about January 7, 2010, with both the State of Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission, which filings were within 180 days of the commission of the unlawful employment practices alleged herein;

c. By letter dated September 14, 2010, the plaintiff was issued a "notice of right to sue" by the United States Department of Justice.  (A copy of which is attached, and labeled *Exhibit 1*).

d. On September 23, 2010, the Connecticut Commission on Human Rights and Opportunities issued to the plaintiff a "Release of Jurisdiction.  (A copy of which is attached, and labeled *Exhibit 2*).

8. Declaratory, injunctive, compensatory damages, liquidated damages and equitable relief is sought pursuant to Title 28 U.S.C. §2201, §2202, and Title 42 U.S.C. §2000e-5(g).

9. Compensatory and punitive damages are sought pursuant to Title 42 U.S.C. §1981a.

10. Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §2000e-5(k).

### III.   <u>VENUE</u>

11. This action properly lies in the United States District Court for the District of Connecticut pursuant to Title 28 U.S.C. §1391(b), because the claims of the plaintiff arose in this judicial district, and the defendant, Board of Education of the City of Bridgeport is located within the District of Connecticut.

### IV.   <u>PARTIES</u>

12. The plaintiff, Deborah Santacapita, is a citizen of the United States residing in the City of Bridgeport, State of Connecticut.

13. The plaintiff's race is Caucasian, and her color is white.

14. The defendant, Board of Education of the City of Bridgeport, is an administrative agency of the City of Bridgeport, which is a political subdivision of the State of Connecticut.

15. The defendant is a person within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(a).

16. The defendant is an employer within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(b).

17. The defendant employs in excess of fifteen employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year.

## V.   **FACTS**

18. The plaintiff is a public school Administrator certified and licensed by the State of Connecticut.

19. The defendant has employed the plaintiff in various administrative positions, including that of assistant principal at Roosevelt School in the 2005-2006 school year.

20. The plaintiff's supervisor at Roosevelt School was Carmen Perez Dickson, who served as the principal at Roosevelt School.

21. Carmen Perez Dickson is classified as being a member of the black race.

22. In November of 2005, the plaintiff observed an incident of suspected child abuse directed at a pupil attending Roosevelt School by its principal, Dickson.

23. Based on her personal observation, the plaintiff had reasonable cause to suspect and/or believe that the pupil had been abused and/or placed at imminent risk of serious harm by Dickson.

24. Under the express provisions of Connecticut General Statutes § 17a-101, the plaintiff, at all times relevant herein, was a mandated reporter of incidents of child abuse and/or neglect, which she reasonably suspected and/or believed had occurred.

25. Pursuant to the provisions of Connecticut General Statutes § 17a-101b and § 17a-101c, the plaintiff was required to report the incident of child abuse and/or neglect, which she suspected and/or believed had occurred to the Commissioner of Children and Families.

26. In keeping with the obligations imposed on her by the law of the State of Connecticut, the plaintiff, in good faith, reported the incident which she had observed, which she reasonably believed to have constituted child abuse and/or neglect.

27. Since reporting the incident of child abuse, the plaintiff has been subjected to a continuous course of retaliatory conduct by the defendant.

28. The retaliatory conduct has been continuous since November of 2005, and has included actions meant to demean, degrade, intimidate, and punish the plaintiff for reporting Dickson's abusive behavior toward a pupil under her supervision.

29. When the Commissioner of Children and Families determined that there was insufficient evidence to find that Dickson had abused a pupil, the plaintiff, on February 3, 2006 was summarily transferred from her position as assistant principal to the interim position of the No Child Left Behind liability coordinator, effective February 6, 2006.

30. The assignment to the position of liability coordinator of the No Child Left Behind requirements was an interim appointment for the remaining part of the 2005-2006 school year.

31.  The position to which the plaintiff was assigned was a substantially meaningless position for which the plaintiff had no office or other assigned work area; she was assigned to the corner of a conference table in the Director of Human Resources' office.

32. In July of 2006, the plaintiff applied for the position of Director of Evaluation and Research, for which she was eminently qualified.

33. The Superintendent of Schools bypassed the entire membership of the defendant, Board of Education, in making the appointment of the plaintiff to the position of Director of Evaluation and Research, since the members of the defendant, Board of Education, would not approve the plaintiff's appointment in retaliation for having reported Dickson to the Commissioner of Children and Families.

34. Dickson, on her return to Roosevelt School, placed a white rat, as a depiction of the plaintiff, who is a white female, whereas Dickson is a black female, in the office which the plaintiff formally occupied.

35. Although the plaintiff complained to the defendant's Director of Human Resources about this demeaning and degrading conduct, the defendant took no action against Dickson.

36. In September of 2008, the plaintiff applied for the position of Director of Literacy, for which she was fully qualified.

37. The plaintiff was recommended for the position by the defendant's Executive Director of Learning and Teaching, Cynthia Fernandes.

38. The Superintendent of Schools, after interviewing the plaintiff, recommended the plaintiff's appointment to the defendant.

39. Unlike her earlier appointment to the position of Director of Evaluation and Research, the Superintendent of Schools was not able to bypass the defendant to make the appointment.

40. The defendant scheduled the plaintiff for an interview on September of 2008.

41. Instead of interviewing the plaintiff, the members of the defendant made the plaintiff wait in an adjoining room while it met with the Superintendent of Schools, the Director of Learning and Teaching, and the Director of Human Resources, whom it berated for having recommended the plaintiff for appointment to the position of Director of Literacy.

42. Members of the defendant were overheard objecting to the plaintiff's appointment because she had allegedly defamed a "beloved principal".

43. The plaintiff's interview by the defendant was rescheduled for September 15, 2008.

44. Before the September 15, 2008, interview, members of the defendant embarked on a concerted effort to block the plaintiff's appointment to the position of Director of Literacy.

45. Prior to the meeting on September 15, 2008, the Superintendent of Schools tasked Cynthia Fernandes, the defendant's Executive Director of Learning and Teaching, to instruct the plaintiff to withdraw her application for appointment to the position of Director of Literacy.

46. The plaintiff was told by Cynthia Fernandes, the defendant's Executive Director of Learning and Teaching, that the plaintiff had no chance of promotion or recognition as a result of the plaintiff having filed the report of suspected child abuse with the Commissioner of Children and Families in 2005.

47. Although appointment to the position of Director of Literacy would have been a lateral move for the plaintiff, it carried more responsibility and professional recognition.

48. After being informed by Cynthia Fernandes, the defendant's Executive Director of Learning and Teaching, that the plaintiff's further efforts to be appointed to the position of Director of Literacy would be futile, the plaintiff involuntarily withdrew her application to avoid additional embarrassment and disrepute at the hands of the defendant.

49. Since the plaintiff involuntarily withdrew her application on September 15, 2008, she has been the subject of continued retaliation by the defendant.

50. The defendant has treated the plaintiff as if she was not in its employ, refusing to recognize her contributions and achievements.

51. Although the plaintiff has given presentations to the defendant and the public on numerous occasions, the plaintiff's name has been omitted from the agenda of the meetings of the defendant.

52. The latest retaliatory act occurred on February 6, 2008, when a workshop was conducted on data which had been generated by the plaintiff's department, and the plaintiff was purposely passed over by the defendant as the presenter at the workshop.

53. Shortly thereafter, the plaintiff was requested to give a presentation at the defendant's strategic planning meeting.

54. Although the names of the presenters at the meeting are included in the defendant's agenda, the plaintiff's name was purposely excluded.

55. The actions of the defendant constitute a pattern and practice of continuing debasement of the plaintiff as a professional school administrator.

56. The actions of the defendant have retarded the plaintiff's professional advancement and growth.

57. The plaintiff has suffered severe emotional distress as a result of being subjected to the defendant's retaliation.

58. The plaintiff has been subjected to the retaliatory actions of the defendant on account of her race.

59. The defendant has retaliated against the plaintiff because the plaintiff, a white employee, filed a report of child abuse against a black employee.

60. Other than for her race, the plaintiff would not have been subjected to the demeaning and degrading conduct of the defendant.

61. The defendant treated Carmen Perez Dickson more preferentially than the plaintiff solely on the basis of race.

62. The defendant sought to punish the plaintiff, although not taking any official disciplinary action against her, because she had filed a report of child abuse against Carmen Perez Dickson, a black employee of the defendant.

63. On or about November 2, 2009, the defendant posted a notice that it was seeking qualified candidates for the position of Executive Director for Elementary Education.

64. One of the requirements listed in the notice published by the defendant was that applicants for the position possess a minimum of five years administrative experience.

65. On various occasions in the recent past, the defendant has waived the five-year administrative experience requirement.

66. The plaintiff, immediately after the defendant posted the notice regarding the position of Executive Director for Elementary Education, submitted her application to be considered for appointment to the position.

67. The plaintiff met the minimum eligibility requirements for the position of Executive Director for Elementary Education, except for the five-year administrative experience.

68. The plaintiff possessed four years of administrative experience.

69. The defendant disqualified the plaintiff from consideration claiming she did not possess the required five years of administrative experience.

70. On November 13, 2009, the defendant's human resource director, Carole Pannozzo, electronically communicated to the plaintiff, "Please be advised upon carful screening of your application materials for the position of Executive Director for Elementary Education it has been determined that you do meet the requirement of a minimum of five years administrative experience.  Since you do not meet that requirement, at this time you will not be scheduled for an interview appointment.  I have attached the job posting for your convenience in this correspondence."

71. The plaintiff on receipt of the electronic communication from the defendant's human resource director, requested clarification, "I am responding to this email as it is unclear.

First you state that I do meet the requirement and then you state I do not meet the requirement.  This is my fifth year as an administrator.  Please clarify."

72. On November 16, 2009, the defendant's human resource director replied, "I apologize. You do not meet the requirement of five years administrator experience.  Your hire date as an administrator in Bridgeport is August 19, 2005.  At this time you do not have five years experience.  I hope this clarifies my intent."

73. The plaintiff responded to the defendant's human resource director's communication by informing the human resource director that the defendant had consistently waived the five-year administrative experience requirement.

74. On November 17, 2009, the plaintiff provided the defendant with indisputable evidence that the defendant had adopted a policy of waiving the five year administrative experience requirement if the other eligibility requirements had been satisfied; "I would like further clarification on the 5 year administrative experience requirement as I have verification that several individuals were given administrative position with less than 5 years administrative experience.  See below; The first position was secured by a principal with less than 5 years experience as I signed my contract the same day as the administrator did.  She became the principal of Wilbur Cross School with less than 5 years administrative experience as an assistant principal.  I have attached the posting for

13

your perusal.  She is presently in her fifth year of administration just like I am and has

been the principal for two years.  Her name is Dyrene Meekins.  Also, Charmaine Worthy

was promoted from assistant principal to principal last year at Dunbar School and she

also is in fifth year now as she also signed her contract the same day as I did, posting also

attached above.  Another case;  The person hired for Classical Studies Academy was

Helen Giles and she told me when she was hired that she was a teacher in Greenwich

prior to this position and the posting clearly states 5 years minimum of administrative

experience.  It appears that <u>past practice</u> has waived this requirement and yet I am only 6

months short of 5 years, not several years or no administrative experience as the above

three scenarios represent.  Please respond as I am perplexed as to this requirement being

enforced for some and not for all."

75. As noted in her communication to the defendant, the plaintiff submitted the job postings

for the three positions for which the defendant had waived the five-year administrative

experience requirement, which are attached to this affidavit as Exhibits 3, 4 and 5.

76. The defendant refused outright to even discuss, let alone, explain its inconsistent

application of the five-year administrative experience requirement, its human resource

director informing the plaintiff by electronic mail, "I decline your invitation to discuss

other situations regarding other personnel.  I state my original position to you regarding

the reason you were declined an interview, you do not meet the posting requirement which requires five years administrative experience which currently you do not have with Bridgeport Public Schools.  I consider this matter to be closed."

77. In addition to the names communicated to the defendant by the plaintiff, the plaintiff has also discovered that the defendant waived the five-year administrative experience requirement for Carol Birks when it appointed her principal at Harding High School even though she only had three years of administrative experience.

78. In each of the cases cited herein, the employees for whom the five-year administrative experience requirement was waived were of the Black race.

79. The plaintiff's race was a substantial factor that motivated the defendant's refusal to waive the five-year administrative experience requirement in regard to the plaintiff's application for hiring to the position of Executive Director for Elementary Education.

80. The defendant refused to allow the plaintiff to compete for the position of Executive Director of Elementary Education in retaliation for the complaints the plaintiff had filed with the Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission charging the defendant with unlawful race and color discrimination.

81. Appointment to an administrator's position in the Bridgeport school system is considered a promotion; it provides an increase in salary and benefits.

82. There exist no legitimate, non-discriminatory reasons for the manner in which the plaintiff has been treated by the defendant after she had filed a report concerning the incident of suspected child abuse directed at a pupil attending Roosevelt School by its principal, Dickson.

83. There exists no legitimate non-discriminatory reason to justify the defendant's refusal to appoint the plaintiff to the position of Director of Literacy.

84. There exists no legitimate non-discriminatory reason to justify the defendant's refusal to allow the plaintiff to compete in the promotional process for the position of Executive Director for Elementary Education.

85. There exists no legitimate non-discriminatory reason to justify the defendant's disqualification of the plaintiff from the eligibility process for the position of Executive Director for Elementary Education.

**VI.   FIRST CAUSE OF ACTION (UNLAWFUL RACE AND COLOR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED RE FAILURE TO APPOINT THE PLAINTIFF TO THE POSITION OF DIRECTOR OF LITERACY)**

86-170.    The plaintiff incorporates as if re-alleged paragraphs 1 through 85.

171.   There existed no legitimate non-discriminatory reason for the defendant to refuse to appoint the plaintiff to a position of Director of Literacy.

172.   The plaintiff was fully qualified to perform the duties of the position of Director of Literacy.

173.   The plaintiff remains to this date fully capable of performing the duties and responsibilities of Director of Literacy.

174.   The defendant refused to appoint the plaintiff to the position of Director of Literacy on account of the plaintiff's race and color.

175.   Because the plaintiff's race and color were motivating factors and made a difference in the defendant's refusal to appoint the plaintiff to the position of Director of Literacy, the defendant violated the provisions of Title VII of the Civil Rights Act of 1964, as amended.

176.   As a result of the unlawful discriminatory actions of the defendant, the plaintiff has suffered emotional distress.

177.   As a result of the unlawful discriminatory actions of the defendant, the plaintiff has suffered financial losses

178.   The refusal of the defendant to appoint the plaintiff to the position of Director of Literacy in the Bridgeport school system constitutes unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

179.   As a result of the defendant's unlawful discrimination, the plaintiff has suffered economic losses.

180.   As a result of the defendant's unlawful discrimination, the plaintiff has suffered emotional distress.

**VII.   SECOND CAUSE OF ACTION (UNLAWFUL RACE AND COLOR DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED RE FAILURE TO ALLOW THE PLAINTIFF TO APPLY FOR THE POSITION OF EXECUTIVE DIRECTOR FOR ELEMENTARY EDUCATION)**

181-265.   The plaintiff incorporates as if re-alleged paragraphs 1 through 85.

266.   The defendant disqualified the plaintiff from competing for the position of Executive Director for Elementary Education on account of the plaintiff's race and color.

267.   The plaintiff possessed the qualifications for appointment to the position of Executive Director for Elementary Education to fill the position.

268.   Because the plaintiff's race and color were motivating factors and made a difference in the defendant's disqualification of the plaintiff from competing for the position of

Executive Director for Elementary Education, the defendant violated the provisions of Title VII of the Civil Rights Act of 1964, as amended.

269. The defendant engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

270. As a result of the unlawful discriminatory actions of the defendant, the plaintiff has suffered emotional distress.

271. As a result of the unlawful discriminatory actions of the defendant, the plaintiff has suffered financial losses

272. The refusal of the defendant to appoint the plaintiff to the position of Executive Director for Elementary Education in the Bridgeport school system constitutes unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

273. The disqualification of the plaintiff from applying for appointment to the position of Executive Director of Elementary Education on the basis of the plaintiff not having five years administrator level experience is a pretense employed by the defendant to justify its race and color discrimination.

274.     On various occasions, the defendant has waived the five year administrator level experience criteria in the case of African American candidates for similar administrator level positions.

275.     As a result of the defendant's unlawful discrimination, the plaintiff has suffered economic losses.

276.     As a result of the defendant's unlawful discrimination, the plaintiff has suffered emotional distress.

**VIII.     THIRD CAUSE OF ACTION (VIOLATION OF CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT RE FAILURE TO APPOINT THE PLAINTIFF TO THE POSITION OF DIRECTOR OF LITERACY AND EXECUTIVE DIRECTOR FOR ELEMENTARY EDUCATION)**

277-361.   The plaintiff incorporates as if re-alleged paragraphs 1 through 85.

362-371.   The plaintiff incorporates as if re-alleged paragraphs 171 through 180.

371-381.   The plaintiff incorporates as if re-alleged paragraphs 266-276.

382.     The refusal of the defendant to appoint the plaintiff to the position of Director of Literacy and the position of Executive Director for Elementary Education in the Bridgeport school system constitutes unlawful discrimination in violation of the provisions of the Connecticut Fair Employment Practices Act.

383.   Because the plaintiff's race and color were motivating factors and made a difference in the defendant's refusal to appoint the plaintiff to the position of Director of Literacy and the position of Executive Director for Elementary Education, the defendant violated the provisions of Connecticut Fair Employment Practices Act.

384.   The defendant engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under the Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-60(a)(1).

## IX.   THIRD CAUSE OF ACTION (HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)

385-469.   The plaintiff incorporates as if re-alleged paragraphs 1 through 85.

470.   The defendant has violated the provisions of Title VII of the Civil Rights Act of 1964, as amended by creating a racially hostile work environment to which the plaintiff was subjected, in the following manner:

a.   By allowing Dickson to harass the plaintiff on the basis of the plaintiff's race and color;

b.   By refusing to appoint the plaintiff to the position of Director of Literacy;

c.   By rejecting the plaintiff's application for the position of Executive Director of Elementary Education;

d.  By treating the plaintiff in a professionally demeaning and degrading manner by not acknowledging her accomplishments, achievements and contributions at professional and community meetings.

471. The plaintiff has been subjected to a continuing pattern of racial harassment by the defendant ever since she reported an incident of suspected child abuse directed at a pupil attending Roosevelt School by its principal, Dickson.

472. The actions of defendant created a pervasive hostile work environment characterized by racial harassment, which permeated the workplace to which the plaintiff was assigned.

473. A reasonable person in the plaintiff's position would find the conduct the defendant to be highly offensive.

474. A reasonable person in the plaintiff's position would find that the conduct of the defendant would substantially interfere with his or her job performance.

475. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged and the plaintiff is now suffering and will continue to suffer irreparable injury from his treatment by the defendant unless the defendant is enjoined by this Court.

476. The plaintiff is now and will continue to suffer emotional distress as a direct result of the defendant's discrimination.

477.   The defendant engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

## X.   FOURTH CAUSE OF ACTION (UNLAWFUL RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)

478-562.   The plaintiff incorporates as if re-alleged paragraphs 1 through 85.

563.   On March 12, 2009, the plaintiff filed a complaint of discrimination against the defendant with the State of Connecticut Commission on Human Rights and Opportunities, and the United States Equal Employment Opportunity Commission, over the defendant's refusal to appoint the plaintiff to the position of Director of Literacy, and the racially hostile work environment within which the plaintiff was made to work.

564.   On or about November 2, 2009, the defendant posted a notice that it was seeking qualified candidates for the position of Executive Director for Elementary Education.

565.   One of the requirements listed in the notice published by the defendant was that applicants for the position possess a minimum of five years administrative experience.

566.   On various occasions in the recent past, the defendant has waived the five-year administrative experience requirement.

567.   The plaintiff, immediately after the defendant posted the notice regarding the position of Executive Director for Elementary Education, submitted her application to be considered for appointment to the position.

568.   The plaintiff met the minimum eligibility requirements for the position of Executive Director for Elementary Education, except for the five-year administrative experience.

569.   The plaintiff possessed four years of administrative experience.

570.   The defendant disqualified the plaintiff from consideration claiming she did not possess the required five years of administrative experience.

571.   On November 13, 2009, the defendant's human resource director, Carole Pannozzo, electronically communicated to the plaintiff, "Please be advised upon carful screening of your application materials for the position of Executive Director for Elementary Education it has been determined that you do meet the requirement of a minimum of five years administrative experience.  Since you do not meet that requirement, at this time you will not be scheduled for an interview appointment.  I have attached the job posting for your convenience in this correspondence."

572.   The plaintiff on receipt of the electronic communication from the defendant's human resource director, requested clarification, "I am responding to this email as it is unclear.  First you state that I do meet the requirement and then you state I do not meet the requirement.  This is my fifth year as an administrator.  Please clarify."

573.   On November 16, 2009, the defendant's human resource director replied, "I apologize.  You do not meet the requirement of five years administrator experience. Your hire date as an administrator in Bridgeport is August 19, 2005.  At this time you do not have five years experience.  I hope this clarifies my intent."

574.   The plaintiff responded to the defendant's human resource director's communication by informing the human resource director that the defendant had consistently waived the five-year administrative experience requirement.

575.   On November 17, 2009, the plaintiff provided the defendant with indisputable evidence that the defendant had adopted a policy of waiving the five year administrative experience requirement if the other eligibility requirements had been satisfied; "I would like further clarification on the 5 year administrative experience requirement as I have verification that several individuals were given administrative position with less than 5 years administrative experience.  See below; The first position was secured by a principal with less than 5 years experience as I signed my

contract the same day as the administrator did.  She became the principal of Wilbur Cross School with less than 5 years administrative experience as an assistant principal.  I have attached the posting for your perusal.  She is presently in her fifth year of administration just like I am and has been the principal for two years.  Her name is Dyrene Meekins.  Also, Charmaine Worthy was promoted from assistant principal to principal last year at Dunbar School and she also is in fifth year now as she also signed her contract the same day as I did, posting also attached above. Another case;  The person hired for Classical Studies Academy was Helen Giles and she told me when she was hired that she was a teacher in Greenwich prior to this position and the posting clearly states 5 years minimum of administrative experience. It appears that past practice has waived this requirement and yet I am only 6 months short of 5 years, not several years or no administrative experience as the above three scenarios represent.  Please respond as I am perplexed as to this requirement being enforced for some and not for all."

576.   As noted in her communication to the defendant, the plaintiff submitted the job postings for the three positions for which the defendant had waived the five-year administrative experience requirement, which are attached to this affidavit as Exhibits 3, 4 and 5.

577.    The defendant refused outright to even discuss, let alone, explain its inconsistent application of the five-year administrative experience requirement, its human resource director informing the plaintiff by electronic mail, "I decline your invitation to discuss other situations regarding other personnel.  I state my original position to you regarding the reason you were declined an interview, you do not meet the posting requirement which requires five years administrative experience which currently you do not have with Bridgeport Public Schools.  I consider this matter to be closed."

578.    In addition to the names communicated to the defendant by the plaintiff, the plaintiff has also discovered that the defendant waived the five-year administrative experience requirement for Carol Birks when it appointed her principal at Harding High School even though she only had three years of administrative experience.

579.    In each of the cases cited herein, the employees for whom the five-year administrative experience requirement was waived were of the Black race.

580.    The disqualification of the plaintiff from applying for appointment to the position of Executive Director of Elementary Education on the basis of the plaintiff not having five years administrator level experience is a pretense employed by the defendant to justify its unlawful retaliation against the plaintiff.

581.    The defendant discriminated against the plaintiff on the basis of the plaintiff's opposition to the defendant's unlawful race discrimination by filing complaints with the Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission.

582.    The defendant refused to allow the plaintiff to compete for the position of Executive Director of Elementary Education in retaliation for the complaints the plaintiff had filed with the Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission charging the defendant with unlawful race and color discrimination.

583.    As a result of the defendant's unlawful discrimination, the plaintiff has suffered economic losses.

584.    As a result of the defendant's unlawful discrimination, the plaintiff has suffered emotional distress.

585.    Because the plaintiff's previous opposition to the defendant's race discrimination was a motivating factor and made a difference in the decision by the defendant to terminate the plaintiff's employment, the defendant violated Title VII of the Civil Rights Act of 1964, as amended.

586.   The defendant engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

**XI.   FIFTH CAUSE OF ACTION (UNLAWFUL RETALIATION IN VIOLATION OF CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT) PRAYER FOR RELIEF**

584-668.   The plaintiff incorporates as if re-alleged paragraphs 1 through 85.

669-690.   The plaintiff incorporates as if re-alleged paragraphs 563 through 584.

691.   Because the plaintiff's previous opposition to the defendant's race discrimination was a motivating factor and made a difference in the decision by the defendant to terminate the plaintiff's employment, the defendant violated the provisions of the Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-60(a)(4).

692.   The defendant engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under  the provisions of the Connecticut Fair Employment Practices Act.

## XII.   <u>PRAYER FOR RELIEF</u>

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

(As to the First Cause of Action)

a.   Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

b.   Enjoin the defendant from engaging in such conduct;

c.   Require the defendant to appoint the plaintiff to the position of Director of Adult Literacy;

d.   Award plaintiff the equitable relief of back pay and benefits, together with prejudgment interest for the entire period as well as front salary and benefits accrual;

e.   Award plaintiff compensatory damages;

f.   Award plaintiff costs and attorney fees; and

g.   Grant such other and further relief as the Court may deem just and proper.

(As to the Second Cause of Action)

     a. Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

     b. Enjoin the defendant from engaging in such conduct;

     c. Require the defendant to appoint the plaintiff to the position of Executive Director of Elementary Education;

     d. Award plaintiff the equitable relief of back pay and benefits, together with prejudgment interest for the entire period as well as front salary and benefits accrual;

     e. Award plaintiff compensatory damages;

     f. Award plaintiff costs and attorney fees; and

     g. Grant such other and further relief as the Court may deem just and proper.

(As to the Third Cause of Action)

     a. Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

     b. Enjoin the defendant from engaging in such conduct;

     c. Award plaintiff compensatory;

     d. Award plaintiff costs and attorney fees; and

e.   Grant such other and further relief as the Court may deem just and proper.

(As to the Fourth Cause of Action)

a. Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

b. Enjoin the defendant from engaging in such conduct;

c. Require the defendant to appoint the plaintiff to the position of Executive Director of Elementary Education;

d. Award plaintiff the equitable relief of back pay and benefits, together with prejudgment interest for the entire period as well as front salary and benefits accrual;

e. Award plaintiff compensatory damages;

f.  Award plaintiff costs and attorney fees; and

g. Grant such other and further relief as the Court may deem just and proper.

## XIII.  <u>JURY DEMAND</u>

**THE PLAINTIFF REQUESTS A TRIAL BY JURY**.

THE PLAINTIFF – DEBORAH SANTICAPITA

BY

Thomas W. Bucci
Fed. Bar #ct07805
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT   06604
Tel: (203) 366-3939
Fax: (203) 337-4588
Email: thomasbucci@earthlink.net

33



EXHIBIT

1



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5063 2663

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

September 14, 2010

Ms. Deborah Santacapita
c/o Thomas W. Bucci, Esquire
Law Offices of Willinger, Willinger, et al.
Attorneys at Law
855 Main St.
Bridgeport, CT  06604

Re:  EEOC Charge Against City of Bridgeport, Board of Education
     No. 16A200900704

Dear Ms. Santacapita:

     Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since the date
the Commission assumed jurisdiction over the charge, and no suit based
thereon has been filed by this Department, and because you through your
attorney have specifically requested this Notice, you are hereby notified
that you have the right to institute a civil action under Title VII of the
Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against
the above-named respondent.

     If you choose to commence a civil action, such suit must be filed in
the appropriate Court within 90 days of your receipt of this Notice.

     The investigative file pertaining to your case is located in the EEOC
Boston Area Office, Boston, MA.

     This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,

                         Thomas E. Perez
                    Assistant Attorney General
                      Civil Rights Division

                  by   Karen L. Ferguson

                    Karen L. Ferguson
                 Supervisory Civil Rights Analyst
                 Employment Litigation Section

cc: Boston Area Office, EEOC
    City of Bridgeport, Board of Education

EXHIBIT

2

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Deborah Santacapita**
COMPLAINANT

vs.                                                        **DATE: September 23, 2010**

**City of Bridgeport Bd. of Education**
RESPONDENT

CHRO Case No. 0920326                          EEOC No. 16A-2009-00704

## RELEASE OF JURISDICTION

Pursuant to the request for a release of jurisdiction, the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint in accordance with CONN. GEN. STAT. § 46a-101. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 21 Grand Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

In granting this release, the Commission expressly finds in accordance with CONN. GEN. STAT. §§ 46a-100 and 46a-101(b) that all conditions precedent to the issuance of the release have been met. The complaint was timely filed under CONN. GEN. STAT. § 46a-82 and the complaint has been pending for a period of not less than 210 days. The complaint is not currently scheduled for public hearing nor is there reason to believe that the complaint will be resolved within a period of 30 days from the date the Commission received the request.

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

With the granting of this release of jurisdiction, the Commission administratively dismisses this complaint in accordance with CONN. GEN. STAT. § 46a-101(d) without cost or penalty to any party.

Very truly yours,

Robert J. Brothers, Jr.
Executive Director

cc: Complainant:
    Complainant's Attorney: Attorney Thomas W. Bucci
    Respondent:
    Respondent's Attorney:

Bridgeport Bd. of Ed.
45 Lyon Terrace
Bridgeport, CT  06604